UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: PATRICIA LYNN BREWER, Debtor              CASE NO. 08-10539-DWH

OPINION

On consideration before the court are the following pleadings, to-wit:

1.      Motion for Comfort Order to Clarify Judgement Costs and Stay Relief filed by Kristine Lohr, M.D.; Kevin McKown, M.D.; Michael Cremer, M.D.; and UT Medical Group, Inc., ("State Court Defendants").

2.      Response/Memorandum in Opposition to Motion for Comfort Order, Request for Determination of Discharge, and Request for Sanctions filed by the debtor, Patricia Lynn Brewer, ("Debtor").

3.      Response to Debtor's Memorandum in Opposition to Motion for Comfort Order, Request for Determination of Discharge, and Request for Sanctions filed by the State Court Defendants.

The court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

## II.

On March 31, 2005, the debtor filed a medical malpractice cause of action against the State Court Defendants in the Circuit Court of Shelby County, Tennessee, Thirtieth Judicial District, Cause No. CT-001759-05. The death of the debtor's husband, William Donald Brewer, allegedly had been caused by the acts of medical malpractice.

On February 13, 2008, the debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. Alex B. Gates was appointed as the Chapter 7 trustee of the bankruptcy estate. Shortly after his appointment, Gates learned of the medical malpractice cause of action, which had not been disclosed by the debtor in her bankruptcy schedules. He applied for and obtained court approval of the employment of Attorney Daniel F.B. Peel of the law firm Spicer, Flynn, and Rudstrom, PLLC, who had been representing the debtor in the lawsuit, as the attorney for the trustee so the representation would have continuity. The application for employment was filed on April 21, 2008, and the order approving the employment was entered on June 25, 2008.

On September 29, 2008, Peel, who was now representing the trustee in the malpractice cause of action, agreed to the entry of an Order of Voluntary Nonsuit Without Prejudice. The underlying reason for the nonsuit has not been satisfactorily explained to this court. Regardless, in the aforementioned nonsuit order, Circuit Judge Jerry Stokes, who was presiding over the cause of action, required language which stated unequivocally, "[I]f the Plaintiff re-files this action, the Court <u>will assess</u> such discretionary costs of the prior action as the Court finds appropriate." (Emphasis supplied) This order was approved by Peel and by Catherine M. Anderson, the attorney for the State Court Defendants. Surprisingly, the Chapter 7 trustee

recently advised this court that he had no knowledge of the nonsuit until much later.

On September 28, 2009, the medical malpractice cause of action was re-filed in the Circuit Court of Shelby County, Tennessee, Thirtieth Judicial District, and assigned Cause No. CT-004600-009. On November 18, 2009, consistent with the language set forth in the Order of Voluntary Nonsuit, Judge Stokes assessed discretionary costs in the total sum of $9,884.65. Of this amount, $8,132.78 accrued before February 13, 2008, the date of the debtor's bankruptcy petition, and $1,751.87 accrued thereafter. For the reasons set forth below, this distinction will become meaningless.

### III.

The medical malpractice cause of action was initially filed by the debtor presumably as the sole beneficiary of her deceased husband, although this court has seen no evidence to substantiate this presumption. If this is indeed accurate, the cause of action would be considered as an asset of the debtor's Chapter 7 bankruptcy estate, and, unless abandoned from the estate, the Chapter 7 trustee would have the statutory duty to prosecute the cause of action so that any proceeds recovered could be distributed to creditors of the estate. The Chapter 7 trustee has now become the appropriate party plaintiff as the representative of the estate because the estate is the technical beneficiary of any recovery. If no part of the potential proceeds are subject to a state law exemption claim, (to the court's understanding, none has been asserted), the debtor would stand behind the estate's creditors in the priority of distributions. *See*, §726(6) of the Bankruptcy Code.[1]

---

[1] Hereinafter, all Code sections cited will be considered as sections of the U.S. Bankruptcy Code unless specifically designated otherwise.

On August 8, 2008, the debtor received her Chapter 7 discharge in bankruptcy, but <u>the underlying bankruptcy case remained open because of the pending litigation</u>. While the automatic stay expired by operation of law as to personal actions that might be initiated against the debtor, individually, the automatic stay remained in effect as to property of the bankruptcy estate which would obviously include the malpractice cause of action. *See*, §362(c)(1) which essentially provides that the stay of an act against property of the estate continues until such property is no longer property of the estate.

This court recognizes that the Circuit Court of Shelby County has broad authority to award discretionary costs, particularly when the circumstances are similar to those in the subject proceeding. *See, White v. Albritton*, 2001 WL 846061 (Tenn. Ct. App. 2001), an unreported decision which is almost factually identical to the subject proceeding. However, any effort to collect the discretionary costs assessment is precluded <u>at this time</u> by the automatic stay found in §362(a)(3). Since the malpractice cause of action is the only potential asset that might become property of the bankruptcy estate and is contingent at best, no purpose would be served by lifting the automatic stay since monetary collection efforts would be meaningless. The State Court Defendants are also prohibited by the automatic stay from seeking the dismissal of the malpractice cause of action as a tactic to collect the discretionary costs claim which is considered an obligation of the bankruptcy estate. (See the discussion in the next succeeding paragraph.) Not only would this maneuver constitute an effort to collect a debt that is the subject matter of a pending bankruptcy case, it would constitute an effort to preclude the trustee from recovering a potential estate asset. As such, the request of the State Court Defendants to lift the automatic stay is not well taken.

4

IV.

Since the standing of the trustee, the applicability of the automatic stay, and the inclusion of the malpractice cause of action as an asset of the bankruptcy estate have all been addressed, the court will now discuss the status of the claim for the discretionary costs assessment. The definition of a "claim" is found in §101(5) of the Bankruptcy Code which reads as follows:

> (5) The term "claim" means–
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

In the opinion of this court, the discretionary costs assessment became a claim against the debtor's bankruptcy estate when it first became an unliquidated, contingent right to payment. That occurred on September 29, 2008, when Judge Stokes indicated that he "will assess" discretionary costs if the plaintiff re-files the nonsuited cause of action. This is consistent with the holding of *In re M. Frenville Co.*, 744 F.2d 332 (3rd Circuit 1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed. 2d 925 (1985). The discretionary costs at that time became inextricably tied to the effort to collect an asset of the bankruptcy estate, and, although the assessment claim obviously arose post-petition, it still must be considered as a claim against the bankruptcy estate. Because of its post-petition character, it will enjoy an administrative expense priority as contemplated by §507(a)(2) of the Bankruptcy Code, which incorporates §503(b). If a recovery is realized as a result of the malpractice cause of action, the discretionary costs assessment will be paid from the recovery according to its priority classification. If the

5

discretionary costs assessment is not satisfied as an administrative expense claim, it will not be considered a discharged debt since it arose subsequent to the filing of the debtor's bankruptcy petition.

V.

Because of the unique nature of these proceedings, which obviously involve novel issues of law, the request for sanctions asserted against the State Court Defendants and/or their attorneys is not well taken.

A separate order will be entered consistent with this opinion.

This the 2nd day of March, 2010.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE